10646.

PHILLIPS v. HILL.

(107 S. E. 909)

1. COURTS—COURT OF COMMON PLEAS HAD JURISDICTION OF ACTION BY FORMER GUARDIAN AGAINST SUCCESSOR TO RECOVER MONEYS WHICH HE SHOULD HAVE BEEN ALLOWED BY PROBATE COURT.—The Court of Common Pleas of a county had jurisdiction of an action by a former guardian of an infant against his successor in office, to recover certain moneys which he claimed should have been allowed him as credits by the Probate Court in a final settlement in such Court, when he turned over the guardianship to defendant.

2. JUDGMENT—ERROR OF PROBATE COURT IN DISALLOWING CREDITS TO GUARDIAN ON FINAL SETTLEMENT REVERSIBLE ONLY ON APPEAL.—Any error on the part of the Probate Court in disallowing credits to the guardian of a minor in his final settlement should have been reversed on appeal, and cannot be reviewed by action by such former guardian against his successor in office to recover moneys which he claimed should have been allowed him as credits by the Probate Court, though plaintiff, former guardian, claims in his action that he was ignorant of his right to the credits and overlooked them.

Before TOWNSEND, J., Cherokee, November, 1920. Affirmed.

Action by D. C. Philips against William Hill, as Guardian of Mildred Hill. From decree dismissing the complaint the plaintiff appeals.

The following is the decree of the trial Court:

This is an action by plaintiff, a former guardian of Mildred Hill, an infant, against his successor in office, the defendant, to recover certain moneys, which he claims should have been allowed him as credits by the Probate Court in a final settlement in that Court when he turned over the

guardianship to the defendant. Plaintiff alleges that at the time of the said settlement that he did not know that he was entitled to credit for commissions claimed in this action, and that his failure to claim in that proceeding in the Probate Court the other credits here claimed was due to an oversight on his part. The defendant demurred on the grounds: (1) That this Court has no jurisdiction of the subject-matter of this action; and (2) that the complaint does not state facts sufficient to constitute a cause, of action. The defendant also answered, and pleaded, among other defenses, that the issues in this action were adjudicated in the proceedings for final discharge in the Probate Court. The case was tried by a referee, who recommended judgment in favor of plaintiff for $392.34. The cause comes before me on exceptions to the referee's report.

1, 2    The demurrer to the jurisdiction of this Court was properly overruled, under the authority of *Epperson v. Jackson,* 83 S. C., 162, and 65 S. E., 217. But the decision in that case pronounced by the present Chief Justice requires that the demurrer on the ground of failure to state facts sufficient to constitute a cause of action should be sustained, for the reason that any error on the part of the Probate Court in disallowing credits in the final settlement should have been reviewed on appeal. As there said by the Chief Justice: "There was no appeal from said order, nor can it be attacked in a collateral proceeding."

Plaintiff's claim now to be allowed the credits is based on the ground that he was ignorant of his right to them, and that he overlooked them. This does not entitle him to equitable relief. *Jones v. Kilgore,* 2 Rich. Eq. 63. "Irregularity, or error, in proceedings at law, furnishes no ground for reviewing the judgment in equity." *McDowell v. McDowell,* Bailey, Eq. 325. The plaintiff's omission to claim these credits in the proceedings for a final settlement

brings him within the rule "that not only what the party in a cause has, but whatever he might have, litigated in a court of competent jurisdiction, shall not be agitated again in a subsequent suit between the same parties." Plaintiff's failure to claim these credits in the Probate Court does not give this Court jurisdiction in equity to now allow them, or to adjudge their payment. *Ex. of Tate v. Hunter,* 3 Strob. Eq. 147; *Bartell v. Edwards,* 113 S. C., 217, 102 S. E. 210; *Sullivan v. Shell,* 36 S. C., 580, 15 S. E. 722, 31 Am. St. Rep. 894.

For the above reasons, the report of the referee is reversed, and it is adjudged and decreed that the complaint in the above entitled action be and hereby is dismissed.

*Mr. G. W. Speer,* for appellant, cites: *Mistakes will be corrected:* 45 S. E., 164.

*Messrs. Dobson & Vassy,* for respondent, cite: *Probate Court—its Powers and Jurisdictions:* Secs. 40, 43, 59, 61, 63, Code Proc., 1912. *Decree of that Court concludes, within its jurisdiction:* 25 S. C., 275; 56 S. C., 393; 83 S. C., 162; 215 U. S., 203; 12 R. C. L., 1153; 21 Cyc., 178. *Succession of guardianships represent one office:* 3 Rich. Eq., 13; 8 Rich. Eq., 248; Sec. 3772, 1 Civ. Code, 1912. *Appellant had remedy in Probate Court:* 36 S. C., 580; Rice Eq., 2; 83 S. C., 162; 112 S. C., 295; 114 S. C., 40. *Probate decree conclusive:* 1 Bail. Eq., 325; Id. 294; 102 S. C., 518; 113 S. C., 217. *Collateral attack not permissible:* 90 S. C., 552. *Mistakes by Courts should be corrected on appeal:* 3 Strob. Eq., 147; 2 Rich. Eq., 63; Bail. Eq., 325; 112 S. C., 296; 113 S. C., 217; 21 Cyc., 182; 2 Pom. Eq. Jur., 842.

June 30, 1921.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

The conclusions of the Circuit Judge are entirely satisfactory to this Court, and the judgment is affirmed.